**FILED**
**CLERK**

8/5/2016 2:01 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
CHRISTOPHER CORRADO,

                Plaintiff,

       -against-

STATE OF NEW YORK UNIVERSITY STONY BROOK POLICE,
OFFICER JOHN DOE 1, OFFICER JOHN DOE 2, OFFICER JOHN
DOE 3, STATE OF NEW YORK UNIVERSITY HOSPITAL,
SAMUEL L. STANLEY, Individually, REUVEN PASTERNICK,
Individually,

                Defendants.
-------------------------------------------------------------------------------X
CHRISTOPHER CORRADO,

                Plaintiff,

       -against-

SUFFOLK COUNTY POLICE, OFFICER JOHN DOE 1,
OFFICER JOHN DOE 2, LIEUTENANT JANE DOE 1,
LIEUTENENT JOHN DOE 2,

                Defendants.
-------------------------------------------------------------------------------X

**ORDER**
15-CV-7443(SJF)(AYS)

**ORDER**
15-CV-7444(SJF)(AYS)

FEUERSTEIN, District Judge:

On December 28, 2015, *pro se* plaintiff Christopher Corrado ("Plaintiff") filed two (2)

complaints in this Court, each purporting to assert a variety of federal constitutional and statutory

claims, each relating to a mid-April 2015 arrest and subsequent state court prosecution, and each

accompanied by an *in forma pauperis* application. The complaint assigned docket number

15-cv-7443 ("Corrado I") is against the State of New York University Stony Brook Police

("SBUPD"), John Doe Officers 1-3 ("Unknown SBU Officers"), the State of New York University

Hospital ("SBU Hospital"), Samuel L. Stanley ("Stanley") in his individual capacity, and Reuven

Pasternick ("Pasternick") in his individual capacity (collectively, the "Corrado I Defendants").

1

The complaint assigned docket number 15-cv-7444 ("Corrado II") is against the Suffolk County Police ("SCPD"), John Doe Officers 1-2 ("Unknown SCPD Officers"), and Jane and John Doe Lieutenants 1-2 ("Unknown SCPD Lieutenants") (collectively, the "Corrado II Defendants"). Despite the fact that nothing filed on the docket suggests that the Corrado I Defendants were served with a complaint, on February 16, 2016 the Office of the New York State Attorney General, having appeared on behalf of the Corrado I Defendants, filed a motion to dismiss Plaintiff's Corrado I complaint.   (Dkt. 7).   For the following reasons, Plaintiff's applications to proceed *in forma pauperis* are granted, but both the Corrado I and II complaints are dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii)-(iii), and the Corrado I Defendants' motion to dismiss is denied as moot.

## I.    BACKGROUND

### A.    Plaintiff's History of Vexatious Litigation

Since August 2015, in addition to the instant Corrado I and II complaints, Plaintiff has attempted to remove two (2) state court actions to this Court, both of which were remanded, and has filed five (5) *pro se*, *in forma pauperis* complaints in this Court, each of which has been dismissed:

- *Unknown Stony Brook University Police v. Corrado*, 15-cv-4843 (SJF)(AYS) (pending criminal case remanded to state court following Plaintiff's filing of notice of removal);

- *D'Amico v. Corrado*, 15-cv-4846 (SJF)(AYS) (pending child support dispute remanded to state family court following Plaintiff's filing of notice of removal);

- *Corrado v. Judge Freundlich*, 15-cv-5389 (SJF)(AYS) (complaint against state family court judge alleging various constitutional violations under 42 U.S.C. § 1983 dismissed);

- *Corrado v. Magistrate Lafler*, 15-cv-5390 (SJF)(AYS) (complaint against state family court judge alleging various constitutional violations under 42 U.S.C. § 1983 dismissed);

- *Corrado v. New York Rising et al.*, 15-cv-6284 (JFB)(AYS) (complaint against twelve (12) private, state, and federal actors alleging a variety of constitutional and statutory violations with respect to Plaintiff's purported entitlement to compensation related to alleged losses sustained as a result of Hurricane Sandy dismissed);

- *Corrado v. Bernard Cheng*, 15-cv-7221 (SJF)(AYS) (complaint against state family court judge alleging various constitutional violations under 42 U.S.C. § 1983 dismissed); and

- *Corrado v. New York Office of Temporary Disability Assistance et al.*, 15-cv-7316 (SJF)(AYS) (complaint against twenty-four (24) state actors alleging a variety of constitutional and statutory violations in connection with child support dispute pending in state family court dismissed).

In each instance, Plaintiff has sought reconsideration of the Court's orders dismissing his complaint or remanding the case. He has also unsuccessfully appealed this Court's orders remanding his pending criminal and child support cases to their respective state courts.

### B.    Plaintiff's Present Complaints

Plaintiff's Corrado I and Corrado II complaints appear to arise out of a 2015 arrest and ensuing state criminal prosecution pending in New York State Court, Suffolk County, First District Court, bearing the index number 2015SU016208 – the same state criminal prosecution he improperly attempted to remove to this Court.

#### 1.    Corrado I

The Corrado I complaint alleges that the Corrado I Defendants "acted in complete absence of all jurisdiction, laws, rules and authority stemming from an illegal encounter, police brutality, detainment, imprisonment, with said police on or about April 16, 2015 while a patient against [Plaintiff's] will, being falsely imprisoned at Stony Brook Hospital." (Dkt. 1 at 1-2). The fifteen (15)-page complaint consists almost entirely of citations to and/or excerpts from various federal statutes, constitutional provisions, cases, and international treaties; it provides the reader with no information about the nature of the underlying conduct that Plaintiff is/was purportedly aggrieved

by.  (Dkt. 1, *passim*).   Although Plaintiff failed to describe any acts or omissions in his complaint, let alone acts or omissions attributable to any of the named defendants, he purports to assert claims under 11 U.S.C. § 362(a), 18 U.S.C. §§ 242, 245, 1514, 2381 and 2382, and 42 U.S.C. §§ 1983 and 12203, and seeks expungement of "all invasive privacy records" and damages in the amount of ten million dollars ($10,000,000) from each of the Corrado I Defendants.   (Dkt. 1 at 1, 13).

On February 16, 2016, Corrado I Defendants filed an unopposed motion to dismiss the complaint.   (Docket Entry Nos. 6, 7, 9).   On March 14, 2016, Plaintiff filed a motion for summary judgment, which was denied without prejudice for failure to comply with Rule 4 of this Court's individual rules (*i.e.*, the "bundle rule").   (Dkt. 8; 3/22/2016 ECF Order).

### 2.      Corrado II

The Corrado II complaint alleges that the Corrado II Defendants "acted in complete absence of all jurisdiction and authority stemming from an illegal encounter, detainment, [and] imprisonment with said police on private property on or about April 15, 2015."   (Dkt. 1 at 1).   Plaintiff purports to challenge the "unlawful malicious prosecution, investigation, detainment, and incarceration of [Plaintiff] without probable cause or lawful reason to do so." (Dkt. 1 at 2).   As in Corrado I, Plaintiff's Corrado II complaint consists almost entirely of legal conclusions and references to federal statutes, constitutional provisions, and cases.   (Dkt. 1, *passim*).   It provides no information as to who acted or failed to act, when they acted or failed to act, or how Plaintiff was harmed by anyone's action(s) or inaction(s).   (*Id.*).   Plaintiff's Corrado II complaint cites each of the statutes cited in the Corrado I complaint, and also 15 U.S.C. §§ 1673 and 1675.   (Dkt. 1 at 1).   Similarly, Plaintiff seeks relief in the form of expungement of "all invasive privacy records" and damages in the amount of two million dollars ($2,000,000) from

each of the Corrado II defendants.   (Dkt. 1 at 9).

## II.   DISCUSSION

### A.   *In Forma Pauperis*

Having reviewed Plaintiff's declarations in support of his applications to proceed *in forma pauperis* in both Corrado I and II, the Court finds that Plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees.   *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's requests to proceed *in forma pauperis* are granted.

### B.   Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Courts must read *pro se* complaints liberally, and construe them "to raise the strongest arguments that they suggest."   *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013).   The Court must also assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true."   *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Nevertheless, in order to avoid dismissal, a complaint must, at a minimum, comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard "does not require detailed factual allegations," but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### C. Plaintiff's Claims

#### 1. 18 U.S.C. §§ 242, 245, 1514, 2381, and 2382

Plaintiff purports to assert claims against all defendants under sections 242, 245, 1514, 2381, and 2382 of Title 18 of the United States Code. However, there is no private right of action under any of these federal criminal statutes. *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. § 242) (citations omitted); *McNeil v. Aguilos*, 831 F. Supp. 1079, 1087 (S.D.N.Y. 1993) (no private right of action under 18 U.S.C. § 245) (citations omitted); *Canning v. Veitch*, Case No. 15-cv-1215, 2015 WL 7444260, at *2 (N.D.N.Y. Oct. 16, 2015) (no private right of action under 18 U.S.C. § 1514) (citations omitted); *Nguyen v. Ridgewood Sav. Bank*, Case Nos. 14-cv-1058, 14-cv-3464, 14-cv-3989, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (no private right of action under 18 U.S.C. §§ 2381 or 2382) (citations omitted). In light of the fact there are no set of circumstances in which Plaintiff could assert viable claims under these federal criminal statutes, his claims suggesting purported violations of 18 U.S.C. §§ 242, 245, 1514, 2381, and 2382 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## 2.    42 U.S.C. § 12203

Chapter 126 of Title 42 of the United States Code is commonly known as the Americans

with Disabilities Act ("ADA").   *See* 42 U.S.C. §§ 12101 *et seq.*   Section 12203 of the ADA,

which aims to prohibit "retaliation and coercion," provides:

(a)  Retaliation

No person shall discriminate against any individual because such individual has
opposed any act or practice made unlawful by this chapter or because such
individual made a charge, testified, assisted, or participated in any manner in an
investigation, proceeding, or hearing under this chapter.

(b)  Interference, coercion, or intimidation

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual
in the exercise or enjoyment of, or on account of his or her having exercised or
enjoyed, or on account of his or her having aided or encouraged any other
individual in the exercise or enjoyment of, any right granted or protected by this
chapter.

(c)  Remedies and procedures

The remedies and procedures available under sections 12117, 12133, and 12188 of
this title shall be available to aggrieved persons for violations of subsections (a) and
(b) of this section, with respect to subchapter I, subchapter II and subchapter III of
this chapter, respectively.

42 U.S.C. § 12203.

In order to allege a *prima facie* case of retaliation under the ADA the plaintiff must claim:

"(1) engagement in an activity protected by the ADA; (2) defendant's awareness of that activity;

(3) action adverse to the plaintiff, and (4) a causal connection between the protected activity and

the adverse action."   *Bahamonde v. Shepard*, Case No. 11-cv-5166, 2013 WL 2250209, at *2

(E.D.N.Y. May 22, 2013) (citations omitted).   Plaintiff's complaints in Corrado I and II, read

charitably, have nothing to do with disability discrimination, let alone retaliation for seeking to

assert one's rights under the ADA.   Accordingly, Plaintiff's claims suggesting a violation of 42

U.S.C. § 12203 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    11 U.S.C. § 362(a)

Section 362(a) of Title 11 of the United States Code, which Plaintiff references in both the Corrado I and Corrado II complaints, provides for an automatic stay of many judicial and debt collection actions against a debtor once a bankruptcy petition has been filed.    Neither the Corrado I complaint nor the Corrado II complaint allege that Plaintiff is a party to any bankruptcy proceeding, so this statute is wholly inapplicable and provides no basis for relief.    Accordingly, Plaintiff's claims invoking 11 U.S.C. § 362(a) are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4.    15 U.S.C. §§ 1673, 1675

In his Corrado II complaint alone, Plaintiff purports to assert claims under 15 U.S.C. §§ 1673 and 1675, which are provisions of the Consumer Credit Protection Act.    Section 1673 relates to restrictions on wage garnishments, and provides no private right of action.    *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 501-02 (S.D.N.Y. 2015) (no private right of action under 15 U.S.C. § 1673 claim because that section is enforced exclusively by the Secretary of Labor) (citations omitted).    Similarly, 15 U.S.C. § 1675 cannot be read to create any private right of action.[1]    Accordingly, Plaintiff's Corrado II claims invoking 15 U.S.C. §§ 1673 and 1675 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] 15 U.S.C. § 1675 provides:

> The Secretary of Labor may by regulation exempt from the provisions of section 1673(a) and (b)(2) of this title garnishments issued under the laws of any State if he determines that the laws of that State provide restrictions on garnishment which are substantially similar to those provided in section 1673(a) and (b)(2) of this title.

### 5.     42 U.S.C. § 1983

Title 42, Section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
> States . . . to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   "Section 1983 provides a cause of action against any person who deprives an

individual of federally guaranteed rights 'under color' of state law."   *Filarsky v. Delia*, 132 S.Ct.

1657, 1661 (2012).   To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged

conduct was "committed by a person acting under color of state law," and (2) that the conduct

"deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of

the United States."   *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citations omitted).

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the

deprivation of rights established elsewhere."   *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, "a plaintiff must establish a given defendant's personal involvement in the

claimed violation in order to hold that defendant liable in his individual capacity under § 1983."

*Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004); *see also Gill v. Mooney*, 824 F.2d

192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly

unlawful conduct of his subordinates, he cannot be held liable under section 1983.").   A

complaint based upon a violation under Section 1983 that does not allege the personal involvement

of a defendant fails as a matter of law.   *See Johnson v. Barney*, 360 Fed. Appx. 199, 201 (2d Cir.

2010).

### a.     1983 Claims against the Corrado I Defendants

Plaintiff avers, without any explanation, that a variety of his constitutional rights have been

violated by the SBUPD, the Unknown SBU Officers, SBU Hospital, and/or Stanley and Pasternick

in their individual capacities.    The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."    U.S. Const. Amend. XI.    The Supreme Court has made clear "that the Constitution does not provide for federal jurisdiction over suits against non-consenting states."   *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003) (citations omitted).    "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law."   *KM Enters., Inc. v. McDonald*, 518 Fed. Appx. 12, 13 (2d Cir. 2013) (citations omitted).

Eleventh Amendment sovereign immunity extends "to entities considered arms of the state, such as state agencies."   *Walker v. City of Waterbury*, 253 Fed. Appx. 58, 60 (2d Cir. 2007) (citations and internal quotation marks omitted).    It also extends to suits for damages against state officers in their official capacities, as "lawsuits against state officers acting [in] their official capacity … are considered to be lawsuits against the state.").   *McNamara v. Kaye*, Case No. 06-cv-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) (citations omitted).

Absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court suits against the state, its agencies, and its officers in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).    It is well-established that New York State has not waived its immunity for Section 1983 suits and there has been no statutory waiver.   *See*, *e.g.*, *Marmot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) ("New York has not consented to § 1983 suits in federal court"); *Garcia v. Paylock*, No. 13–cv–2868, 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014) ("The State has not waived its immunity, nor has its immunity been abrogated, for the causes of action plaintiff has asserted pursuant to 42 U.S.C. §

1983."). Accordingly, Plaintiff's 1983 claims against the SBUPD, SBU Hospital, and the Unknown SBU Officers are barred by the Eleventh Amendment.

Because Plaintiff alleges that he is suing Stanley and Pasternick in their individual capacities, his 1983 claims against them are not barred by the Eleventh Amendment. However, Plaintiff has nonetheless failed to allege the violation of any constitutional right, let alone Stanley's or Pasternick's personal involvement in any such violation. Indeed, Plaintiff references Stanley and Pasternick only in the caption of the complaint. Given the total absence of factual allegations suggesting that Stanley or Pasternick were involved in violating Plaintiff's constitutional rights in any capacity, his 1983 claims against them are implausible and must be dismissed. Accordingly, Plaintiff's 1983 claims against each of the Corrado I Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### b.    1983 Claims against the Corrado II Defendants

Plaintiff has not alleged a plausible 1983 claim against any of the Corrado II Defendants. Plaintiff's claims against the SCPD fail because this defendant is an administrative arm of Suffolk County, a municipality, and has no independent legal identity. "In New York, agencies of a municipality are not suable entities" because "[u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued." *Omnipoint Comm'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) (internal citations and quotations omitted). Accordingly, because the SCPD lacks the capacity to be sued, Plaintiff's claims against it are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's 1983 claims against the Unknown SCPD Officers and the Unknown SCPD Lieutenants must also be dismissed, because the Corrado II complaint does not contain a single

allegation that any of these individuals engaged in any action or inaction whatsoever, let alone any action or inaction that violated any of Plaintiff's constitutional rights. Accordingly, Plaintiff's 1983 claims against the Corrado II Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. LEAVE TO AMEND

In light of the pleading deficiencies set forth above, the Court has considered whether Plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

The deficiencies in Plaintiff's purported claims under 11 U.S.C. § 362(a), 15 U.S.C. §§ 1673, 1675, 18 U.S.C. §§ 242, 245, 1514, 2382, 2382, and 42 U.S.C. § 12203, and Plaintiff's Section 1983 claims against all Corrado I Defendants and all Corrado II Defendants are substantive in nature, and therefore amendment would be futile. A liberal reading of Plaintiff's

complaints does not give any indication that a valid claim might be stated. Furthermore, given Plaintiff's recent history of attempting to involve the federal courts in his state court criminal and child support disputes through vexatious and frivolous litigation, the Court finds that any amendment would not be undertaken in good faith. Accordingly, the Court declines to grant Plaintiff leave to file an amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. CONCLUSION

For the reasons set forth above: (1) Plaintiff's applications to proceed *in forma pauperis* are granted; (2) all of Plaintiff's claims in his Corrado I and Corrado II complaints are dismissed with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); and (3) the Corrado I Defendants' motion to dismiss (15-cv-7443, Dkt. 7) is denied as moot.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the cases bearing the index numbers 15-cv-7443 and 15-cv-7444.

**SO ORDERED.**

_s/ Sandra J. Feuerstein_
Sandra J. Feuerstein
United States District Judge

Dated: August 5, 2016
      Central Islip, New York

13